Submitted September 30, affirmed October 21, certiorari denied
United States Supreme Court November 30, petition for
rehearing denied December 16, 1959

# SMITH *v.* GLADDEN
### 345 P. 2d 398

Robert Y. Thornton, Attorney General, and Robert G. Danielson, Assistant Attorney General, Salem, for respondent.

O'CONNELL, J.

This is an appeal from an order of the circuit court for Marion county entered on April 7, 1959 sustaining the defendant's demurrer to plaintiff's

replication in a habeas corpus proceeding instituted by plaintiff.

On May 14, 1957 plaintiff was convicted by a jury in Wasco county of the crime of assault with intent to kill and was sentenced to the state penitentiary for a term not to exceed eight years.

On June 10, 1957 plaintiff began serving his sentence. On July 12, 1957 plaintiff, through his counsel, filed a notice of appeal and counsel by letter advised the Wasco county circuit court that stay of the execution of judgment was waived. Plaintiff claims that the letter was submitted to the court without his knowledge or authorization.

On January 20, 1959, through new counsel, plaintiff filed in the circuit court for Wasco county a motion to stay execution of judgment of conviction pending appeal. The motion was denied on February 2, 1959. On March 2, 1959 plaintiff filed a petition for a writ of habeas corpus in the circuit court for Marion county alleging that his imprisonment was illegal for the reason that the filing of a notice of appeal stayed execution of the judgment of conviction and that he had not waived it. The writ was issued and defendant made return to it. Upon plaintiff's request it was ordered by the trial court that plaintiff's petition be considered as his replication, whereupon defendant demurred to the replication on the ground that it did not state facts sufficient to constitute grounds for relief. The demurrer was sustained and the plaintiff's action was dismissed. The plaintiff appeals from that order.

The material part of the replication which the demurrer attacks was as follows:

"That the said imprisonment of the petitioner is illegal in that the said C. T. Gladden, respondent, is not the person authorized by law to detain him,

the said Ernest LeRoy Smith, for the following reasons:

"1. The said purported judgment of the Wasco Circuit Court is presently being appealed to the Oregon Supreme Court pursuant to statute and duly filed notice of appeal.

"2. The filing of the said notice of appeal stayed the execution of the said purported judgment.

"3. The said stay of judgment has never been waived by the said Ernest LeRoy Smith, petitioner."

\* \* \* \* \*

It will be noted that the replication alleges only that the defendant "is not the person authorized by law" to detain plaintiff. By this allegation he does not assert that he is entitled to freedom but that he is held by the wrong person. It is plaintiff's position that the defendant has no authority to hold him because the notice of appeal was not waived by him and the effect of the notice of appeal was to require the defendant to restore him to his original custody. He relies upon ORS 138.150 which reads as follows:

"If before the giving of a notice of appeal the execution of the judgment has commenced, the further execution thereof is suspended and the defendant shall be restored by the officer in whose custody he is to his original custody unless the defendant, upon the giving of a notice of appeal, requested that execution of the judgment not be stayed, as provided in ORS 138.130."

It is plaintiff's contention that this section requires the Warden of the State Penitentiary to restore him to his original custody in Wasco county. However, the section must be read with ORS 138.140 which provides as follows:

"Upon notice of appeal being given, as in this

chapter provided, the clerk of the court shall at once notify the sheriff and the Warden of the State Penitentiary or the Superintendent of the Oregon State Correctional Institution of such fact. Without executing the judgment, the sheriff, Warden of the State Penitentiary or Superintendent of the Oregon State Correctional Institution shall retain the custody of the defendant until otherwise ordered by the court. If the defendant has requested that execution not be stayed, as provided by ORS 138.130, the court forthwith shall order the execution of the judgment."

The two sections read together make it clear that the legislature intended the Warden of the State Penitentiary to restore prisoners to their original custody only upon order of the court. There are various reasons which the legislature could have had in mind in requiring a court order as a condition precedent to a change in the prisoner's custody. Without such judicial scrutiny and direction the Warden would have no assurance that he was properly exercising his authority in releasing the prisoner to the county authorities. And too, it is possible that at the time a notice of appeal is filed the county facilities for the custody of prisoners may be inadequate. Other reasons could be given to support the reasonableness of such a requirement. It is enough for us to find that the legislature could have valid reasons for such an enactment and that the statute expresses its intent. This we find. That being so, the plaintiff's replication did not assert a valid ground for a change in custody in this case because it did not aver that the circuit court of Wasco county had made an order directing the defendant to restore the plaintiff to his original custody.

The demurrer was properly sustained. Judgment affirmed.