Submitted November 4, affirmed November 12, 1959

# DELANEY *v.* SHOBE

346 P. 2d 126

John P. Misko, Oregon City, for appellant.

PER CURIAM.

The plaintiff, Jack Robert Delaney, was convicted of the crime of assault with intent to commit rape, and sentenced to a term of fifteen years in the penitentiary. He appealed, and the circuit court, on his motion to be admitted to bail, set bail in the amount of $15,000. Pending the appeal, the plaintiff is confined to the county jail of Clackamas County. He brought this proceeding in *habeas corpus,* alleging in his petition that the bail is excessive and should be reduced to not more than $3,000, the amount of the bail set by the court prior to his trial. After a hearing at which the plaintiff appeared *in propria persona,* the court entered an order denying the petition and remanding the plaintiff to the custody of the sheriff of Clackamas County. Plaintiff has appealed from that order and is represented in this court by a court-appointed attorney. The district attorney has

advised the court that he thinks it unnecessary to file a brief, and the case has been submitted upon. the brief of the plaintiff.

▓▓ With certain exceptions not now pertinent, the defendant in a criminal case who appeals after judgment of conviction is entitled to be admitted to bail. ORS 140.030. The imposition of excessive bail is forbidden by the state constitution, Article I, Section 16, and is equivalent to a refusal to admit to bail and *habeas corpus* is an appropriate remedy to obtain relief. 39 CJS 538, Habeas Corpus § 34 (b). But it is settled law that the determination of the amount of bail is committed to the sound discretion of the court and its decision will not be disturbed except in a clear case of abuse of discretion. 8 CJS 105, Bail § 51 (b)(2); 6 Am Jur 95, Bail and Recognizance § 81. And we think that, unless it appears plainly on the face of the particular case that the bail is excessive, the plaintiff has the burden of establishing such abuse by evidence.

▓ The courts have indicated certain factors that should be taken into consideration in fixing bail. These are: (1) ability of the accused to give bail, (2) nature of the offense, (3) penalty for the offense charged, (4) character and reputation of the accused, (5) health of the accused, (6) character and strength of the evidence, (7) probability of the accused appearing at trial, (8) forfeiture of other bonds, (9) whether the accused was under bond in other cases, and (10) whether the accused was a fugitive from justice when arrested. See cases cited in Annotation, 72 ALR 801.

▓ In the instant case, the record is devoid of information about any of the foregoing matters, other

than the first three. The petition does not allege that plaintiff is unable to make bail in the amount fixed, but he so indicated in his statement to the court at the hearing. He further told the court that he was unable to give bail in the sum of $3,000 before trial. If, as appears to be the case, he is still unable to give bail in that sum, it is difficult to see what it will profit him if the bail should be reduced to $3,000. See *Ex parte Moriarity*, 44 Nev 164, 191 P 360. In any event, the mere fact of inability to give bail in the amount set is not sufficient reason for holding the amount excessive. *Ex parte Paul*, 36 Okla Crim 86, 252 P 853.

The crime of which the defendant was convicted is a serious one, and the sentence of fifteen years in the penitentiary indicates that there were no circumstances of mitigation. The plaintiff offered no evidence at the hearing, but merely advanced reasons for holding the bail to be excessive that were wholly irrelevant to that question. Upon the record before us, we are unable to say that the trial judge abused his discretion in setting the amount of bail, and the judgment is therefore affirmed.