Submitted September 22, Writ of Habeas Corpus allowed
December 16, 1964

# THOMAS *v.* GLADDEN

397 P. 2d 836

Charles A. Telfer, Grants Pass, for plaintiff.

Robert Y. Thornton, Attorney General, and C. L. Marsters, Assistant Attorney General, Salem, for defendant.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

This matter comes before us upon an original petition for a writ of habeas corpus. The plaintiff is a prisoner in the state penitentiary. He seeks an order requiring the sentencing court to fix bail pending his appeal from a conviction of involuntary manslaughter.

On September 28, 1963, the plaintiff was convicted by the verdict of the trial jury. On October 3, 1963, he was sentenced to a term of ten years in prison. The same day, he was transported to the institution and commenced serving his sentence. On November 4, 1963, the plaintiff wrote a letter to the trial judge and gave notice therein that he intended to appeal his conviction. Also on November 4, 1963, he wrote another letter to the trial judge asking that "reasonable bond" be fixed. On November 14, 1963, the plaintiff's attorney filed an amended notice of appeal which contained the following:

> "Appellant Thomas represents that the execution of the judgment aforesaid has commenced, but he expressly requests that the execution thereof be NOT stayed pending said appeal."

The aforesaid statement in the notice of appeal was apparently intended to prevent the loss of credit for time served pending the appeal. ORS 138.135 provides as follows:

"(2) A sentence of confinement shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail. If a defendant is not admitted to bail and elects not to commence service of the sentence pending appeal, he shall be held in custody at the institution designated in the judgment without execution of sentence, except as provided in ORS 138.145."

Prior to 1963, a prisoner who gave notice of appeal was transferred from the penitentiary to the county jail unless he elected not to have a stay of execution pending the appeal. See *Smith v. Gladden,* 219 Or 369, 345 P2d 398, cert. den. 361 US 903, 80 S Ct 214, 4 L Ed2d 158 (1959), cert. den. 363 US 815, 80 S Ct 1254, 4 L Ed2d 1156 (1960). Under the current statute such a prisoner remains in the penitentiary.

■ ORS 138.070 gives a prisoner sixty days after the judgment is imposed in which to decide whether or not to appeal. In most cases a prisoner may not decide whether or not to appeal until after he is received at the penal institution to commence serving his sentence. A prisoner likewise may not know whether or not he can post bail until after he and his counsel have studied the matter. He is entitled to bail as a matter of right unless the crime for which he has been convicted is one of those made not bailable by ORS 140.020. See ORS 140.030; *Delaney v. Shobe,* 218 Or 626, 346 P2d 126 (1959). Manslaughter is not one of the offenses designated by ORS 140.020 as nonbailable.

Since ORS 138.135 appears to allow the prisoner to

elect a stay of execution either with bail or without bail when he decides to appeal his conviction, it would appear to be the intent of the legislature that such a prisoner be permitted to make his election to post bail when he commences his appeal. Where the prisoner files his notice of appeal and contemporaneously elects to serve his sentence, without asking to be released on bail, there is a question whether his silence with reference to bail means that he has waived bail, or that he wants to keep the matter open, or merely that he has not considered the matter.

We have been able to find very little authority on the subject. In *Baker v. United States,* 139 F2d 721 (8th Cir 1944), the court said by way of dictum that an election by appellant to begin serving his time would not necessarily constitute a waiver of the right to bail pending appeal under Rule 5 of the former Criminal Appeals Rules, now Rule 38 of the Federal Rules of Criminal Procedure. (Rule 38(a)(2) is similar to ORS 138.135.)

We believe that it is more consistent with ORS 140.030, which makes bail a matter of right, to construe the prisoner's silence in a case of this kind as a neutral factor, and to hold that he has not waived the right to bail merely by electing to make his time in custody count toward the sentence. A prisoner might find, after he has given notice of appeal, that he can post the amount of bail fixed by the court. We believe he should have the right to make that choice, and to have the court designate the amount of bail if the prisoner makes a timely request.

Accordingly, the plaintiff is entitled to raise the question in a petition for a writ of habeas corpus, *Delaney v. Shobe,* supra, and is entitled to an order directing the trial judge to fix bail. Release will de-

pend upon the prisoner's willingness and ability to post bail. The amount thereof is discretionary with the trial court. *Delaney v. Shobe,* supra.

The prisoner should be released upon the writ of habeas corpus pending his appeal, unless within thirty days from the date of the mandate the trial court shall fix bail. If bail is fixed, then the prisoner shall be released upon his posting bail and not otherwise.