Submitted January 18, affirmed April 12, 1967

LEE ROY HANSON, *Appellant, v.* GLADDEN,
*Respondent.*

426 P. 2d 465

Lee Roy Hanson, *in propria persona,* for appellant.

David H. Blunt, Assistant Attorney General, Salem, and Robert Y. Thornton, Attorney General, Salem, for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and REDDING, Justices.

REDDING, J. (Pro Tempore).

Petitioner appeals from an order of the circuit court for Marion county, denying and dismissing his petition for a writ of habeas corpus.

On July 22, 1965, petitioner was convicted by jury of the crime of murder in the second degree and he was sentenced to a term of 25 years in the Oregon State Penitentiary. Petitioner is presently prosecuting an appeal from said judgment of conviction and seeks to be admitted to bail pending such appeal.

On June 21, 1966, petitioner filed in the circuit court for Marion county a petition for a writ of habeas corpus. It is the refusal of the circuit court for Multnomah county, in which he was tried, to grant bail pending the appeal which gives rise to the habeas corpus proceedings filed in the Marion county circuit court.

The question presented here is whether the petitioner has a statutory or constitutional right to bail pending his appeal to this court from a conviction of second degree murder.

This court recognizes that with certain exceptions the defendant in a criminal case who appeals from a conviction is entitled to be admitted to bail. Oregon Constitution, Article I, Section 14; ORS 140.030; *Delaney v. Shobe,* 218 Or 626, 628, 346 P2d 126 (1959).

The exceptions are stated in the Oregon Constitution, Article I, Section 14, as follows:

"Offences [sic], except murder, and treason,

shall be bailable by sufficient sureties. Murder or treason shall not be bailable, when the proof is evident, or the presumption strong."

Substantially the same exceptions are enumerated in ORS 140.020, which provides:

"If the proof or presumption of the guilt of the defendant is evident or strong, he shall not be admitted to bail when he is charged with murder in any degree, with treason or with the infliction upon another of a personal injury likely to produce death under such circumstances that, if death should ensue, the offense would be murder in any degree."

This court has stated that the right to bail on appeal is not unqualified. In *Thomas v. Gladden,* 239 Or 293, 295, 397 P2d 836 (1964), this court said:

"* * * He is entitled to bail as a matter of right unless the crime for which he has been convicted is one of those made not bailable by ORS 140.020 * * *."

■ ORS 140.020 specifically prohibits the granting of bail to a defendant charged with murder in any degree if the proof or presumption of the guilt of the defendant is evident or strong. Having been found guilty, the presumption of the guilt of the petitioner is evident and strong. Article I, Section 14 of the Oregon Constitution as well as ORS 140.020 clearly indicate petitioner has no right to bail pending his appeal from a conviction for second degree murder.

■ It is well recognized that neither the 8th Amendment nor the 14th Amendment of the United States Constitution requires that everyone charged with a state offense must be given his liberty on bail pending appeal. It was held in *Mastrian v. Hedman,* 326

F2d 708, 710, 711 (8th Cir.), cert. den., 376 US 965, 84 S Ct 1128, 11 L Ed2d 982 (1964):

> "Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his liberty on bail pending trial. While it is inherent in our American concept of liberty that a right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial. Traditionally and acceptedly, there are offenses of a nature as to which a state properly may refuse to make provision for a right to bail  *  *  *."

See also *Dameron v. Harson,* 255 F Supp 533, 536 (W.D. La 1966); *Quattrocchi v. Langlois,* — R. I. —, 219 A2d 570 (1966); *Epton v. Nenna,* 25 App Div 2d 518, 267 NYS2d 267 (1966).

The petition for habeas corpus was properly denied and dismissed.

Affirmed.