Argued August 22, reversed and remanded October 20, 1975

### DONALD FERGUSON, *Appellant, v.* CUPP (No. 88293), *Respondent.*

541 P2d 489

*Robert W. Donaldson,* Salem, argued the cause and filed the briefs for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General and Rhidian M. M. Morgan, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

LEE, J.

Petitioner, an inmate at the Oregon State Penitentiary, appeals from the denial of his petition for writ of habeas corpus.

On November 1, 1957 petitioner was sentenced to life imprisonment for murder. On February 22, 1974 his sentence was commuted by the Governor to 25 years.

Since the commutation, petitioner has been credited with a reduction in his 25-year sentence pursuant to ORS 421.120(1)(b)[1] of one day for each two days served. Petitioner has also been granted a reduction of his sentence pursuant to that portion of ORS 421.-120(1)(c)[2] which allows reduction of sentence for "work actually performed in prison industry." Both of these reductions are known as "good time." They were both computed from the date of his original sentence in 1957.

Another basis for reducing a sentence, also set forth in ORS 421.120(1)(c), is for "meritorious work in connection with prison maintenance and operation."

---

[1] ORS 421.120(1)(b) states:

"From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence actually served in the penal or correctional institution."

[2] ORS 421.120(1)(c) states:

"From the term of any sentence, one day shall be deducted for every 15 days of work actually performed in prison industry, or in *meritorious* work in connection with prison maintenance and operation, or of enrollment in an educational activity as certified by the educational director of the institution during the first year of prison employment or educational activity, and one day shall be deducted for every seven days of such work actually performed or educational activity certified after the first year to and including the fifth year of prison employment or educational activity certified, and one day for every six days of such work actually performed or educational activity certified after the fifth year of prison employment." (Emphasis supplied.)

This is known as "meritorious good time." The prison authorities have refused to consider a grant of "meritorious good time" to petitioner for the period of his incarceration preceding the commutation. The trial court agreed.

The state takes the position that the petitioner is not entitled to either the "good time" he has already been allowed or the "meritorious good time" contested in this appeal.

The commutation stated in part:

"* * * I, Tom McCall, governor of the State of Oregon, hereby commute the term of imprisonment of Donald Lee Ferguson to a term not to exceed 25 years, such term to begin November 1, 1957 * * *."

ORS 421.120(1)(c) provides that the "deductions" are to be "from the term of any sentence." In petitioner's case, the "term of" sentence is now "25 years" —not "life" as it once was.

ORS 137.370(1) provides:

"Except as provided in subsection (2) of this section, when a person is sentenced to imprisonment in the penitentiary or the correctional institution, his term of confinement therein *commences from the day of his delivery* at the penitentiary or correctional institution to the proper officer thereof." (Emphasis supplied.)

In Op Att'y Gen 71 (Or 1948), the then Attorney General took a position opposite to that taken in this appeal. In that opinion, an OSP inmate had been sentenced to life imprisonment on a murder charge and subsequently the life sentence had been commuted to 25 years by the Governor. The then Attorney General said:

"* * * To the 'life' sentence originally imposed the 'executive has superimposed its mind

upon the judgment of the court; but *the sentence remains,* nevertheless, the judgment of the court' (Duehay v. Thompson, supra) *and stands as though it had 'originally been for the commuted term'* (Pittman v. Richardson, supra) *of 25 years, commencing 'from the day of his delivery' at the prison* (§ 23-1405), *subject only to deductions, if any, for faithfully observing the rules.* (§ 23-1413)" 24 Op Att'y Gen at 73.

The summary of the opinion stated, *inter alia,* that:

"* * * [A]ctual service for good time credits, in case of a commuted sentence containing no conditions, limitations or restrictions, commences from the day of delivery at the penitentiary on the original sentence * * *." 24 Op Att'y Gen at 71.

Another relevant opinion concluded that a "death sentence" commuted to life imprisonment relates back for parole eligibility to the date of the original death sentence. 32 Op Att'y Gen 91 (Or 1964).

In the absence of Oregon cases on the point, we turn to other authorities. In *State ex rel Murphy v. Wolfer,* 127 Minn 102, 148 NW 896 (1914), a prisoner's life sentence was commuted to 30 years. The sole question before the court was whether the "relator is entitled to credit by reason of good conduct prior to the commutation of his sentence." 127 Minn at 103. The court decided that the prisoner was so entitled. The same rule is set forth in 59 Am Jur 2d 44, 45, Pardon and Parole § 65 and 67 CJS 587, Pardons § 15a(5).

We find that petitioner's work record during the time he was serving the life sentence should have been evaluated to determine whether "meritorious good time" was allowable to him.

Reversed and remanded.