On respondent's motion for release or in the alternative for bail filed June 28, motion denied August 30, 1989

## ALBERT JOHNSON,
*Respondent,*

*v.*

## MAASS,
*Appellant.*

(87-C-12123; CA A50208)

778 P2d 508

Albert Johnson, *pro se,* Salem, for motion.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Respondent was granted post-conviction relief in the form of a new trial. Appellant appealed the judgment to this court and respondent has moved for release pending a new trial or, in the alternative, for release on bail. He had requested that the post-conviction trial court release him or admit him to bail. The trial court declined, because it concluded that the Multnomah County Circuit Court, where the retrial would be held, was the appropriate forum to rule on the motion. In due course, respondent filed the motion in the Multnomah County Circuit Court, which ruled that it did not have jurisdiction, because the case was on appeal. We agree. That court suggested that we had jurisdiction and authority under ORS 135.230(2), 133.030 and 135.285(1), because judges of the Court of Appeals are magistrates. Whether an individual judge of a particular court can act as a magistrate to make a release decision does not solve the problem of which court has jurisdiction and authority to consider a release decision. There is no express statutory authority for the Court of Appeals to make a release decision for a defendant whose case is on appeal.

ORS 138.520, which deals with post-conviction actions, provides:

> "The relief which a court may grant or order under ORS 138.510 to 138.680 shall include release, new trial, modification of sentence, and such other relief as may be proper and just. The court may also make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody and bail."

The post-conviction court has authority to make a release decision as part of or supplemental to the relief granted. It has jurisdiction to grant supplementary orders respecting release and bail, even though the case is on appeal.

Motion denied.