On appellant's renewed motion to stay sentence and for release pending appeal filed May 13, motion denied June 26, 1991

## STATE OF OREGON,
### *Respondent,*
### *v.*
## LARRY FLOYD WIMBER,
### *Appellant.*
## (C90-01-30494; CA A66481)
814 P2d 169

Des Connall, P.C., and Wayne Mackeson, Portland, for motion.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, *contra*.

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted on three counts of sexual abuse in the first degree, ORS 163.425, and was sentenced to five years' imprisonment on each count. He moved to stay the sentences pending appeal. That motion initially was denied on the ground that a request to stay a sentence on appeal should be addressed to the trial court in the first instance.

Defendant then moved the trial court for release, arguing that he was entitled to be admitted to bail pending appeal, citing Oregon Constitution, Article I, section 14; *Hanson v. Gladden,* 246 Or 494, 495, 426 P2d 465 (1967); *Thomas v. Gladden,* 239 Or 293, 295, 397 P2d 836 (1964); and *Delaney v. Shobe,* 218 Or 626, 628, 346 P2d 126 (1959). Defendant appended to his motion a copy of an order issued by this court in an unrelated case, *State v. Tyler,* Court of Appeals case number A64264, in which we said:

"The trial court has discretion in the amount of security it may require and to impose conditions as appropriate to insure that defendant does not abscond, but the court does not have discretion to deny release altogether."[1]

The trial court denied defendant's motion for a stay. Defendant renewed his motion for a stay in this court. By order dated May 30, 1991, we denied the motion and disavowed the quotation from the *Tyler* order. We are aware that the order in *Tyler* has been cited in other cases in support of the contention that a trial court *must* release a defendant pending appeal.

■ The first issue is whether this court has independent statutory authority to stay a sentence of confinement and

---

[1] The order reads, *in toto:*

"Defendant has moved for a stay of sentence and for release from incarceration. The court concludes that, notwithstanding ORS 135.285(2), defendant is entitled to have 'bail' (security) established, which, if posted, would permit him to be released pending appeal. ORS 138.135(1); *Delaney v. Shobe,* 218 Or 626, 346 P2d 126 (1959). The trial court has discretion in the amount of security it may require and to impose conditions as appropriate to insure that defendant does not abscond, but the court does not have discretion to deny release altogether.

"Therefore, defendant's motion is remanded to the trial court for the establishment of the amount of security and other conditions of release pending appeal."

release a defendant pending appeal. ORS 135.285(2) provides:

> "After judgment of conviction in municipal, justice or district court, the court shall order the original release agreement, and if applicable, the security, to stand pending appeal, or deny, increase or reduce the release agreement and the security. If a defendant appeals after judgment of conviction in circuit court for any crime other than murder or treason, release shall be discretionary."

ORS 138.135 provides, in part:

> "(1) A sentence of confinement shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail. If a defendant is not admitted to bail and elects not to commence service of the sentence pending appeal, the defendant shall be held in custody at the institution designated in the judgment without execution of sentence * * *.
>
> "(2) A sentence to pay a fine or a fine and costs, if an appeal is taken, may be stayed by the district court, the circuit court, the Court of Appeals, or by the Supreme Court upon such terms as the court deems proper. * * *
>
> "(3) If a petition for review by the Supreme Court is filed, any stay shall remain in effect pending a final disposition of the cause, unless otherwise ordered by the Supreme Court."

The first sentence of ORS 138.135(1) is in the passive voice and does not say which court has the authority to give the stay. ORS 135.285(2) refers to "the court" without making it clear whether it means the trial court or the appellate court. However, we note that ORS 135.285(2) is found in the chapter describing trial court procedures and immediately follows ORS 135.285(1), which authorizes the trial court to modify a release decision during the course of proceedings in the trial court. We also note that ORS 138.135(2) gives appellate courts concurrent authority to grant stays of fines and awards of costs in criminal cases, but contains no similar grant of authority for an appellate court to make decisions regarding release from custody pending appeal. Reading the statutes together,[2] we are persuaded that the legislature

---

[2] The need for both ORS 138.135(1) and ORS 135.285(2) is not apparent. If the provisions of both statutes are necessary, we suggest that the legislature consider

intended to assign to the trial court the authority and responsibility for deciding whether a defendant should be released pending appeal. *Accord Johnson v. Maass,* 98 Or App 97, 778 P2d 508 (1989).

■■ The state has suggested, citing *Thomas v. Gladden, supra,* and *State v. Boots,* 94 Or App 713, 767 P2d 450, *rev'd on other grounds* 308 Or 371, 780 P2d 725 (1989), that, after a notice of appeal has been filed, even the trial court itself has no jurisdiction to decide a motion to stay the judgment and that a defendant's only remedy is by way of a petition for writ of *habeas corpus.* That position is untenable. Under ORS 19.033(1), which is made applicable to criminal cases by ORS 138.185(2), the trial court retains "such powers in connection with the appeal as are conferred upon it by law." The power to determine whether to stay a sentence of confinement and to release a defendant pending appeal is one of the powers that the trial court retains, notwithstanding the filing of a notice of appeal. ORS 135.285(2); ORS 138.135(1).[3]

■ Turning to the issue of whether this court has jurisdiction to review the trial court's decision on a motion for stay, we conclude that it does not. In civil cases, ORS 19.040, ORS 19.045 and ORS 19.050 authorize the trial court to make various decisions relating to stay of enforcement of judgments, and ORS 19.050(4)(b) confers authority on the appellate courts to review those trial court decisions under some circumstances. There is no comparable provision applicable to criminal cases that authorizes this court to review a trial court's release decision. A trial court decision on a post-judgment motion to stay enforcement of a sentence is not one of the decisions that is appealable by a defendant under ORS 138.040, ORS 138.050 or ORS 138.053 or that is reviewable as an interlocutory order under ORS 138.040(1)(a). *See State v. Sullens,* 106 Or App 590, 809 P2d 700 (1991).

---

combining them or at least placing them in the same chapter, preferably the chapter relating to appeals in criminal cases.

[3] Because we hold that this court has no statutory authority to review a trial court's decision regarding release pending appeal, either in an appeal of the judgment of conviction and sentence or by way of an appeal of the order embodying the release decision, grounds may exist for the Supreme Court's exercise of original *habeas corpus* jurisdiction under the Oregon Constitution, Article VII (amended), section 2. We need not discuss that issue.

■ An appellate court has inherent authority to preserve the subject matter of an appeal and to render effective the exercise of appellate jurisdiction. *Livesley v. Krebs Hop Company,* 57 Or 352, 97 P 718, 107 P 460, 112 P 1 (1910). *See also Helms Groover & Dubber Co. v. Copenhagen,* 93 Or 410, 177 P 935 (1919). However, when the legislature has given the trial court power to make a release decision and the trial court's exercise of that power does not defeat the jurisdiction of an appellate court or render ineffective the exercise of appellate jurisdiction, an appellate court should not exercise its inherent authority. *Helms Groover & Dubber Co., supra,* 93 Or at 417; *Livesley v. Krebs Hop Company, supra,* 57 Or at 356.

Motion to stay sentence and for release pending appeal denied.[4]

---

[4] Defendant makes no claim that it is necessary for this court to review the trial court's exercise of discretion and direct a different result in order to preserve the subject matter of the appeal or to render effective the exercise of appellate jurisdiction.