15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David Raymond DURHAM, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, Oregon State Correctional
Institution; Barbara Roberts, Governor of Oregon
Respondents-Appellees.
 No. 92-37021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 3, 1994.*
Decided Jan. 19, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,** District Judge.
 
 MEMORANDUM
 
 2
 Petitioner David Raymond Durham seeks federal habeas corpus relief because of an interpretation by State courts of State statutes that deny him good time credits. Durham is currently serving consecutive prison terms of 30 years, 5 years, and life for convictions of State crimes of Burglary in the First Degree, Ex-Convict in Possession of a Firearm, and Murder. This court has jurisdiction pursuant to 28 U.S.C. Sec. 2253.[1] We affirm.
 
 
 3
 Durham argues that the denial of good time credit toward his sentence is a violation of his fourteenth amendment liberty interest. Under Oregon Revised Statutes Sec. 421.120, good time credits are not allowed to inmates serving life sentences. The Board of Parole, however, can set an initial parole release date, and thus there is the possibility that Durham will not remain imprisoned for life. Or.Rev.Stat. Sec. 144.050. Durham argues that his federal constitutional rights are being violated by the refusal of the State of Oregon to apply good time credits against his initial release date.
 
 
 4
 The statute barring such credits is clear. Inmates serving life sentences are not entitled to good time credits. However, if a life sentence is commuted by the governor, the inmate then becomes eligible for such credits. Ferguson v. Cupp, 23 Or.App. 122, 541 P.2d 489 (1975). Durham argues that the setting of an initial release date is equivalent to a commutation, and entitles him to the credits. However, Durham, unlike a prisoner with a commuted sentence, still faces the possibility of life in prison despite the setting of an initial release date, and remains within the terms of Section 421.120.
 
 
 5
 More importantly in terms of this court's review, this argument is based on state law, and has been rejected by the Oregon courts considering Durham's habeas claim. Durham v. Zenon, 100 Or.App. 749, 789 P.2d 22, review denied, 310 Or. 70, 792 P.2d 104 (1990). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 112 S.Ct. 475, 489 (1991).
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4. This disposition is not appropriate or publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, Sitting by designation
 
 
 [1]
 The district court filed its certificate of probable cause on December 23, 1992