Submitted on record and briefs July 15, appeal dismissed September 28, 1994

## DAVID RAYMOND DURHAM,
*Appellant,*

*v.*

## STATE OF OREGON,
*Respondent.*

(C930782 CV; CA A81331)

881 P2d 836

David Raymond Durham filed the briefs *pro se.*

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. We dismiss the appeal.

In 1976, petitioner pled guilty and was convicted of kidnapping in the first degree, ORS 163.235, and burglary in the first degree. ORS 164.225. He appealed, and we affirmed without opinion. *State v. Durham*, 31 Or App 107, 569 P2d 59, *rev den* 280 Or 683 (1977).

On August 12, 1993, petitioner, who remains incarcerated at the Oregon State Correctional Institution, filed a *pro se* petition for post-conviction relief in the Washington County Circuit Court. On September 22, 1993, he filed a motion for appointment of counsel. The court did not respond to either filing. Petitioner had an inmate's friend review his case file at the Washington County court clerk's office. That person discovered a memorandum, dated September 17, 1993, that was addressed to the court from the Washington County District Attorney's Office. It stated that the district attorney was returning petitioner's file to the court, because petitioner was required to file in Marion County. ORS 138.560(1).[1] The petition was also in the file and near the top of it were the handwritten words, "8-24-93: Denied fails to state ground for relief."[2]

Petitioner treated the memorandum and the handwriting on the petition as a judgment of dismissal and filed a notice of appeal on September 24, 1993. On October 8, 1993, petitioner received a letter from the Washington County Circuit Court stating that, because it had dismissed his petition, his motion for appointment of counsel had become moot. In order to prevent a dismissal of his appeal, on November 29, 1993, petitioner filed a motion with this court to compel the Washington County Circuit Court to enter a

---

[1] ORS 138.560(1) provides, in part:

"A proceeding for post-conviction relief pursuant to ORS 138.510 to 138.680 shall be commenced by filing a petition and two copies thereof with the clerk of the circuit court for the county in which the petitioner is imprisoned or, if the petitioner is not imprisoned, with the clerk of the circuit court for the county in which the petitioner's conviction and sentence was rendered."

[2] The signature following the handwritten words is illegible.

judgment dismissing his petition.[3] On the same day, the Washington County Circuit Court entered a judgment dismissing the petition "for failure to state grounds for relief."

Although petitioner raises three assignments of error, we do not address them. ORS 138.525, which became effective on July 30, 1993, 13 days before the day the petition was filed,[4] provides, in part:

"(3)  Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable."

The court dismissed petitioner's petition "for failure to state grounds for relief." Because the court dismissed the petition as meritless, he is not entitled to appeal from the judgment.[5] *See, e.g., State v. Wimber*, 108 Or App 1, 5 n 3, 814 P2d 169 (1991).

Appeal dismissed.

---

[3] We issued an order granting the Washington County Circuit Court leave to enter a judgment on the motion of any party. ORS 19.033(4).

[4] Or Laws 1993, ch 517, § 3.

[5] We note that ORS 138.525(4) provides:

"A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."