103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Raymond DURHAM, Richard Ervin Phelps, Plaintiffs-Appellants,
v.
Barbara ROBERTS, Governor of State of Oregon; James
Muranaka, Assistant Superintendent Program Services at
Oregon State Correctional Institution; Patrick Tacy,
Academic Manager Oregon State Correctional Institution;
Kelly Lawrence, Librarian Oregon State Correctional
Institution; Gary Fouch, Officer Oregon State Correctional
Institution; Sally L. Avera, Public Defender Oregon State
Correctional Institution Review Committee Law Library; Lynn
Rosik, Assistant Attorney General Oregon State Correctional
Institution Review Committee Law Library, Defendants-Appellees.
 No. 95-35559.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Dec. 06, 1996.
 
 1
 Before: FLETCHER and FERGUSON, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 David R. Durham and Richard E. Phelps, inmates at the Oregon State Correctional Institution ("OSCI") in Salem, Oregon, appeal the district court's grant of summary judgment against them in their civil rights action against numerous Oregon corrections officials. The district court held as a matter of law that Durham and Phelps did not substantiate adequately that they were discriminated against in using the law library because of disability or that Durham was disciplined other than for legitimate penological reasons. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. PROCEDURAL HISTORY
 
 4
 On May 13, 1994, Durham and Phelps filed suit under 42 U.S.C. § 1983 against Oregon governor Barbara Roberts and numerous OSCI officials (collectively, "Appellees").[1] In their initial pro se complaint, Durham and Phelps alleged ten separate claims for damages and injunctive relief. Most of those claims related to the law library at OSCI.
 
 
 5
 After a preliminary hearing, the district court dismissed all claims for injunctive relief except the claim that OSCI officials were refusing to mail legal documents for inmates. After a bench trial, the district court found for Appellees on this remaining claim for injunctive relief. That claim was not appealed.
 
 
 6
 Among Durham and Phelps' claims for damages, they alleged that they were discriminated against in using the OSCI law library because of their disabilities, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. They subsequently amended the complaint to add Durham's claim that he was disciplined in retaliation for exercising his first amendment rights by suing prison officials. The district court granted Appellees' motion for summary judgment on all damages claims. Only the ADA claims and the retaliation claim are before us on this appeal.
 
 II. STANDARD OF REVIEW
 
 7
 We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must view the evidence in the light most favorable to the nonmoving parties, Durham and Phelps, and determine whether any genuine issue of material fact remains for trial and whether the district court correctly applied the relevant substantive law. Duffy v. Riveland, 98 F.3d 447, 452 (9th Cir.1996). In order to defeat summary judgment, Durham and Phelps must substantiate each element of their claim for which they bear the burden of proof with "significant probative evidence tending to support the complaint." Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (citations and internal quotation marks omitted).
 
 III. ADA CLAIMS
 
 8
 Durham and Phelps claim that the Inmate Legal Assistants ("ILAs") at the OSCI law library are neither competent nor willing to assist disabled inmates in using the law library, and that Durham and Phelps therefore have been discriminated against in using the law library in violation of the ADA. In opposition to Appellees' motion for summary judgment, Durham and Phelps submitted affidavits from several inmates with disabilities, including the affidavit of a blind inmate whom the ILAs assisted by placing him in front of a television to "watch" an outdated instructional video. One affidavit states that OSCI has been designated by the State of Oregon to receive inmates with disabilities. Durham and Phelps contend, and the affidavits indicate, that two ILAs are not sufficient to assist all the inmates who need help using the law library, that disabled inmates have a particular need for ILA assistance, and that because the ILAs are too busy or unwilling to assist disabled inmates, some disabled inmates are unable to use the law library effectively.
 
 
 9
 However, this is not a class action. While these affidavits suggest that some disabled inmates have not enjoyed full access to OSCI's law library, Durham and Phelps have not shown that they themselves have been denied meaningful access to the law library. Because such a denial is an essential element of an ADA claim, Durham and Phelps must produce some evidence that they have themselves suffered discrimination in using the library because of disabilities in order to defeat summary judgment. See Barnett, 31 F.3d at 815. Moreover, if Durham and Phelps have not suffered actual injury under the ADA, they do not have standing to raise an ADA claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).
 
 
 10
 Under the relevant provision of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[2] In Duffy v. Riveland, we held that in order to make out a claim under section 12132, a plaintiff must show:
 
 
 11
 that he (1) is a handicapped person; (2) that he is otherwise qualified; and that the Appellees' actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.
 
 
 12
 98 F.3d at 455.
 
 
 13
 In granting summary judgment, the district court found that neither Durham nor Phelps had "produced any evidence of any alleged disability interfering with a major life activity" and that neither Durham nor Phelps was discriminated against within the meaning of section 12132 in using the law library. Our decision does not depend on whether we agree or disagree with the district court's conclusion that Durham and Phelps do not have "disabilities" within the meaning of the ADA. We note, however, that Durham, a Vietnam veteran, has been diagnosed as having Post-Traumatic Stress Disorder ("PTSD"). Phelps has lost the use of his dominant (left) arm and hand. However, even if we concede that Durham and Phelps are handicapped persons under the ADA, the district court correctly concluded that neither Durham nor Phelps has been discriminated against in using the law library on the basis of a physical handicap.
 
 
 14
 According to Durham's affidavit and supporting medical records, Durham has heart trouble and experiences night sweats and loss of sleep as a result of his PTSD. Durham's affidavit states that the PTSD causes him to have difficulty "working; breathing; and learning," and to comprehend legal language or "put [ ] his words together in legal form." Durham also claims that the shortage of ILAs causes him much stress and has "effected [sic] his heart." The OSCI Health Services Manager submitted an affidavit confirming Durham's diagnosis with PTSD.
 
 
 15
 In order to make out an ADA claim, Durham must show that he was "excluded from participation in ... denied the benefits of ..., or ... subjected to discrimination" in his use of the law library because of his PTSD. 42 U.S.C. § 12132. This he has not done. Durham has filed numerous lawsuits in state and federal court during his incarceration. E.g. Rise v. Oregon, 59 F.3d 1556 (9th Cir.1995) (42 U.S.C. § 1983 challenge to prisoner DNA collection), cert. denied, 116 S.Ct. 1554 (1996); Durham v. Zenon, 1994 WL 12476 (9th Cir.1994) (habeas corpus petition); Durham v. State, 130 Or.App. 360, 881 P.2d 836 (Or.Ct.App.1994) (post-conviction relief). He acted as lead plaintiff in the instant lawsuit and prepared lengthy, detailed, and relatively well-researched pleadings and affidavits. The affidavits Durham submitted from other prisoners indicate that Durham has a reputation among OSCI inmates as a knowledgeable and helpful "jailhouse lawyer." Durham even was disciplined in 1994 for accepting compensation in exchange for legal services and for possessing other inmates' legal papers.
 
 
 16
 Durham has produced no evidence that would substantiate his claim that the lack of trained ILAs or the ILAs' unwillingness to help disabled inmates has in any way hindered Durham's own use of the OSCI law library or that Durham is disproportionately affected because of his disability. The record does not substantiate Durham's claims that he was discriminated against because of his disability and that he has suffered the discriminatory effects of barriers to his full participation in the use of the law library. Crowder v. Kitagawa, 81 F.3d 1480, 1483 (9th Cir.1996). Nor does the record indicate that Durham has been denied "meaningful access" to the law library. Id. at 1484 (citing Alexander v. Choate, 469 U.S. 287 (1985)). The district court properly granted summary judgment against Durham on his ADA claim.
 
 
 17
 Phelps's claim that he has been denied "meaningful access" to the OSCI law library likewise is inadequately substantiated. Phelps claims that because of his disability (a disabled dominant hand and arm) he types very slowly. He argues that because the ILAs are overworked, undertrained, and unwilling to help disabled inmates, including himself, his use of the law library is impeded.
 
 
 18
 Even if we concede that Phelps is disabled under the ADA, Phelps has not shown that he was excluded from, denied the benefits of, or discriminated against in using the OSCI law library. Phelps does not claim that his disability impairs his ability to locate and read legal materials. He has produced no evidence that his slow typing ability has prejudiced him in any court proceedings (i.e., by causing him to miss a court deadline). He has not demonstrated that the ILAs are less willing to help him type than they are to help inmates who, for example, do not know how to type or are illiterate.
 
 
 19
 Like Durham, Phelps failed to show that he faced barriers to his full use of the law library. Crowder, 81 F.3d at 1483. Because no evidence substantiated Phelps's claim that he was discriminated against under section 12132, the district court properly granted summary judgment against Phelps on his ADA claim.
 
 IV. RETALIATORY DISCIPLINE CLAIM
 
 20
 Durham claims that the OSCI law librarian, Kelly Lawrence, filed a disciplinary action against him in retaliation for Durham's exercise of his first amendment rights by filing this lawsuit. Two weeks before the trial in this case, while Durham, Phelps, and other inmates were working in the law library, Durham and Lawrence were involved in a verbal exchange for which Durham subsequently received disciplinary sanctions. Durham argues that Lawrence, for retaliatory purposes, provoked Durham into cursing at him so that he could issue a misconduct report against Durham. Durham also claims that Bartlett, the prison official who imposed disciplinary sanctions on Durham, harbored a retaliatory motive against him because he has named Bartlett as a defendant in other lawsuits.
 
 
 21
 Prisoners do not surrender all of their civil rights by virtue of their incarceration. The Supreme Court stated in Pell v. Procunier, 417 U.S. 817, 822 (1974), that "[a] prison inmate retains those first amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." We have held that prison administrators may not use their powers to retaliate against a prisoner for exercising his first amendment right to file civil rights lawsuits against the administrators. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 22
 In order to make out a retaliation claim, Durham must show not only "that the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity," id. at 531, but also "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. Durham admitted at his hearing and does not now deny that he used words towards Lawrence that constituted hostile and sexual language. Durham therefore violated the prison's Disrespect III rule for which Bartlett sanctioned him. Durham has produced no evidence undermining the legitimacy of Oregon's inmate conduct rules or the Disrespect III rule.
 
 
 23
 Since a legitimate penological goal existed for sanctioning Durham, his retaliation claim fails unless the sanctions he received were wholly disproportionate to his offense. Id. This he has not done. The district court properly granted summary judgment against Durham on his retaliation claim. See Barnett, 31 F.3d at 816.
 
 V. CONCLUSION
 
 24
 Durham and Phelps have not shown that they were denied meaningful access to or discriminated against on the basis of a disability in using the OSCI law library. The disciplinary measures taken against Durham furthered legitimate penological objectives and were not disproportionate to fulfill those objectives. Because Durham and Phelps failed to substantiate essential elements of their claims, the district court properly granted summary judgment against them.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Inmate John Krebs was also a plaintiff. Krebs is not a party to this appeal. The named defendants are: Barbara Roberts (Governor); James Muranaka (Assistant Superintendent of Program Services, OSCI); Patrick Tacy (Academic Manager, OSCI); Kelly Lawrence (Librarian, OSCI); Gary Goutch (Correctional Officer, OSCI); Sally L. Avera (Public Defender, OSCI Review Committee--Law Library); Lynn Rosik (Assistant Attorney General, OSCI Review Committee--Law Library)
 
 
 [2]
 The ADA defines "disability" as
 (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
 (B) a record of such impairment; or
 (C) being regarded as having such impairment.
 42 U.S.C. § 12102(2).
 "Major life activities" refers to "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104.
 A "qualified individual with a disability" is
 an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.
 42 U.S.C. § 12131(2).