Submitted January 12, reversed and remanded February 9, 2022

LAWSON REED RANKIN,
*Plaintiff-Appellant,*

*v.*

Curtis L. LANDERS,
Sheriff, Lincoln County Jail,
*Defendant-Respondent.*

Lincoln County Circuit Court
21CV00557; A175623

505 P3d 497

Petitioner appeals a denial of a writ of habeas corpus, challenging, among other things, his pretrial detention without bail. The trial court dismissed the petition as meritless. *Held*: In *Rico-Villalobos v. Giusto*, 339 Or 197, 118 P3d 246 (2005), the Supreme Court recognized that habeas corpus is an appropriate vehicle to challenge pretrial detention. Applying that law, the Court of Appeals concluded that the petition was not properly dismissed as meritless because it did not fail to state a cognizable legal claim. Further, the dismissal was not harmless.

Reversed and remanded.

Thomas O. Branford, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

M. Gerard Herbage filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

JAMES, P. J.

Reversed and remanded.

**JAMES, P. J.**

Petitioner filed a writ of habeas corpus raising, among several claims, a challenge to his pretrial detention without bail. The trial court dismissed the petition as meritless. We review a trial court's denial of a habeas corpus petition as meritless under ORCP 21 A(8), *Jones v. Armenakis*, 144 Or App 23, 26, 925 P2d 130 (1996), taking "the allegations in the petition and related inferences in the light most favorable to [the] plaintiff to determine whether the petition alleges a legally sufficient claim." *Rivas v. Persson*, 256 Or App 829, 830, 304 P3d 765 (2013). Applying that standard here, we reverse and remand.

Habeas corpus is an appropriate remedy when a petitioner "has 'no other timely remedy available,' and there is a 'need for immediate judicial scrutiny' of the claim." *Haskins v. Palmateer*, 186 Or App 159, 163, 63 P3d 31, *rev den*, 335 Or 510 (2003) (quoting *Gage v. Maass*, 306 Or 196, 204, 759 P2d 1049 (1988)). It is well-established that habeas corpus is an appropriate vehicle for challenging pretrial detention, including the amount of, or outright denial of, bail.

In *Delaney v. Shobe*, 218 Or 626, 346 P2d 126 (1959), the plaintiff was convicted of a crime and held in jail pending his appeal. After the court set a bail amount that the plaintiff challenged, the plaintiff appealed and argued that the bail amount was excessive. *Id*. at 627-28. The court held that challenging excessive bail was properly brought in habeas corpus:

> "The imposition of excessive bail is forbidden by the state constitution, Article I, Section 16, and is equivalent to a refusal to admit to bail and *habeas corpus* is an appropriate remedy to obtain relief. 39 CJS 538, Habeas Corpus § 34 (b)."

*Id*. at 628 (emphasis in original).

*Delaney* was reaffirmed in *Thomas v. Gladden*, 239 Or 293, 397 P2d 836 (1964). The plaintiff was convicted of involuntary manslaughter and sought habeas corpus relief to order the sentencing court "to fix bail pending his appeal." *Id*. at 294. On appeal, the court held that

addressing the issue of bail was properly raised in habeas corpus:

> "[T]he plaintiff is entitled to raise the question in a petition for a writ of habeas corpus, *Delaney v. Shobe*, supra, and is entitled to an order directing the trial judge to fix bail. Release will depend upon the prisoner's willingness and ability to post bail. The amount thereof is discretionary with the trial court."

*Id.* at 296-97.

Habeas corpus as an appropriate vehicle to challenge pretrial detention, including bail amounts, was affirmed again in *Rico-Villalobos v. Giusto*, 339 Or 197, 118 P3d 246 (2005), where the court noted:

> "[T]his court previously has considered habeas corpus challenges to pretrial release decisions when defendants raised substantial legal issues regarding their incarceration. *See Collins v. Foster*, 299 Or 90, 698 P2d 953 (1985); *Haynes v. Burks*, 290 Or 75, 77 n 1, 619 P2d 632 (1980) (both considering denial of pretrial release on writ of habeas corpus)."

*Id.* at 202.

In this case, petitioner's challenge to pretrial detention without bail is of precisely the same ilk as in *Delaney*, *Thomas*, and *Rico-Villalobos*. However, here, the court issued a letter opinion that deemed the state's response to be "a motion to deny the Petition, as well as a motion to strike the claim," and denied the petition as meritless under ORS 34.370(2)(b)(A).

ORS 34.370(7) defines a "meritless petition" as "one which, when liberally construed, fails to state a claim upon which habeas corpus relief may be granted." We have held:

> "That definition refers solely to the content of a plaintiff's petition and not to any extrinsic evidentiary materials. Consequently, the court's consideration under ORS 34.370(2)(b) is limited to the sufficiency of a plaintiff's petition. * * * We thus conclude that ORS 34.370(2)(b) pertains solely to the legal sufficiency of *habeas corpus* petitions and that we review denials pursuant to that subsection as we review dismissals under ORCP 21 A(8)."

*Billings v. Gates*, 133 Or App 236, 240-41, 890 P2d 995 (1995), *aff'd on other grounds*, 323 Or 167, 916 P2d 291 (1996).

Although the court dismissed the petition as meritless, it did so by reference to "the reasons set forth in the Response filed by the State of Oregon." That response included, by way of incorporation, a memorandum of law on the legalities of pretrial detention without bail, and the interplay of Article I, section 14, and Article I, section 43, of the Oregon Constitution. Specifically, the state argued that, pursuant to Article I, section 43, pretrial detention without bail was permissible in this case if the court made predicate findings of fact that there was "clear and convincing evidence that there is a danger of physical injury or sexual victimization to the victim or members of the public by the defendant while on release."

The interoperation of the two constitutional sections— Article I, section 14, and Article I, section 43—in fixing bail has not been interpreted in appellate case law. *See RicoVillalobos*, 339 Or at 201 n 3 ("[W]e express no opinion as to whether Article I, section 43(b), states a different standard for determining when bail may be denied."); *State v. Slight*, 301 Or App 237, 246 n 1, 456 P3d 366 (2019) ("It is an unresolved question precisely how Article I, section 14, and Article I, section 43, interact." (Citing *Rico-Villalobos*, 339 Or at 201 n 3.)). There is some indication here that the trial court's ruling was really seeking to resolve the legal merits, but we nevertheless take the court at its word that it dismissed the petition as "meritless." However, a "meritless" habeas petition under ORS 34.370(7) is the equivalent of a petition that fails to state a legal claim, akin to ORCP 21 (A)(8), not one that states a failing legal claim based on the parties' submissions beyond the petition.

We express no opinion on the eventual success or failure on the merits of petitioner's claim, but in light of *Delaney*, *Thomas*, and *Rico-Villalobos*, and in light of the state's legal position that bail denial was predicated on necessary factual findings, we cannot conclude that petitioner failed to state a cognizable claim, such that dismissal of his habeas petition as meritless was proper. And, given that dismissal cut off opportunities for petitioner to litigate, to

explain, and to refine his claim, we conclude that the dismissal was not harmless.

Reversed and remanded.