No. 527 June 10, 2026 515

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

FRANK EVERETT VOTH,
*Plaintiff-Appellant,*

*v.*

Ryan LeGORE,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Multnomah County Circuit Court
24CV34972; A185127

Michael A. Greenlick, Judge.

Submitted March 5, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Deputy Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Hellman, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Plaintiff filed a writ of habeas corpus alleging, among other claims, that he is actually innocent. The trial court denied the petition as meritless and dismissed the case. When we review a court's denial of a habeas corpus petition as meritless, we view "'the allegations in the petition and related inferences in the light most favorable to [the] plaintiff to determine whether the petition alleges a legally sufficient claim.'" *Rankin v. Landers*, 317 Or App 493, 494, 505 P3d 497 (2022) (quoting *Rivas v. Persson*, 256 Or App 829, 830, 304 P3d 765 (2013)). Applying that standard here, we affirm.

A petition for writ of habeas corpus must allege unlawful conditions of imprisonment or "other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." *Penrod v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978). A habeas corpus proceeding is the proper forum for a person restrained "by virtue of a judgment upon conviction of crime" who "asserts the illegality of the restraint upon grounds *other than* the unlawfulness of such judgment or the proceedings upon which it is based or in the appellate review thereof." ORS 138.540(2) (emphasis added). Thus, when a habeas corpus plaintiff contends that his judgment of conviction was unlawful, then the writ of habeas corpus cannot issue. *See Knope v. Fhuere*, 332 Or App 97, 100, 548 P3d 165 (2024) ("Because a collateral attack on a judgment is not cognizable in a habeas corpus case, the trial court did not err in dismissing plaintiff's petition.").

Here, reviewing the allegations in the petition in the light most favorable to plaintiff, he alleges that he is actually innocent, which is a claim about the unlawfulness of his judgment of conviction or the proceedings upon which the judgment was based. A habeas corpus proceeding is not the proper forum for that type of claim, so the trial court did not err when it denied the petition as meritless pursuant to ORS 34.370(6) and then dismissed the case.

In any event, having reviewed the declaration attached to the petition, it "falls short of the 'exacting standard

of proof" that would govern any claim of actual innocence."
*Newton v. Kelly*, 328 Or App 78, 79, 536 P3d 1098 (2023),
*rev den*, 371 Or 825 (2024) (quoting *Reeves v. Nooth*, 294 Or
App 711, 732, 432 P3d 1105 (2018), *rev den*, 364 Or 680 (2019)).
"[S]uch claims would require [the] petitioner to demonstrate,
at the very least, that newly discovered and reliable evidence
makes it more likely than not that no reasonable juror could
have found [the] petitioner guilty beyond a reasonable doubt,
when the new evidence is considered in the context of the
record as a whole." *Reeves*, 294 Or App at 738.

Here, in relationship to the claim of actual inno-
cence and plaintiff's convictions for rape and kidnapping,
plaintiff offered a declaration from an individual who was
shown plaintiff's photograph. In that declaration, the indi-
vidual stated that the person in the photograph (plaintiff)
was "not Frankie J the pimp," the man accused of com-
mitting the crimes. Petitioner argues the declaration was
evidence that he was not the person who committed the
crimes. But the declaration, by itself, is insufficient to meet
the exacting standard of proof that would govern a claim of
actual innocence.

Affirmed.