ERNEST ALAN TRACY,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
07096074P; A140606

285 P3d 745

Leah A. Johnson argued the cause for petitioner. On the brief was Rankin Johnson IV.

Ernest Alan Tracy filed a supplemental brief *pro se.*

Jeremy Rice, Assistant Attorney General, argued the cause for respondent. With him on the briefs were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

In this post-conviction case, petitioner appeals from a judgment denying his petition for post-conviction relief from his convictions for sexual abuse in the first degree, ORS 163.427, and attempted rape in the first degree, ORS 161.405; ORS 163.375(1)(a). In the petition, petitioner alleged, among other things, that he was denied adequate assistance of counsel under Article I, section 11, of the Oregon Constitution.[1] On appeal, petitioner argues that the post-conviction motions judge[2] erred in denying his request for five subpoenas *duces tecum* for records relating to the case. Petitioner's *pro se* brief makes other assignments of error, which we reject without discussion. Defendant concedes that the post-conviction motions judge's reason for denying the subpoenas was incorrect; nevertheless, it argues that we should affirm because any error was harmless. We conclude that the post-conviction motions judge erred and that the error was not harmless. Accordingly, we reverse and remand for further proceedings.

We are bound by the post-conviction court's factual findings to the extent they are supported by evidence in the record, and we review its legal conclusions for errors of law. *Horn v. Hill*, 180 Or App 139, 141, 41 P3d 1127 (2002). We briefly summarize the facts from the post-conviction record and the post-conviction trial judge's findings. Petitioner and the victim, Granger, met at the Westside Tavern. They spent several hours there and then proceeded, together, to Corey's Bar & Grill. Then petitioner drove Granger to her motel, Cascade Lodge.

The parties' evidence diverged on what occurred at Cascade Lodge. According to the state's evidence, petitioner entered Granger's room uninvited, threw Granger onto the bed in such a way that her head hit the headboard, and jumped on top of her, attempting to remove her pants. He

---

[1] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]"

[2] The Honorable Patricia Sullivan presided over petitioner's request for subpoenas and the Honorable Rudy M. Murgo presided over the post-conviction trial. We refer to Judge Sullivan as the post-conviction motions judge and to Judge Murgo as the post-conviction trial judge.

engaged in unwanted sexual contact through her clothes. A struggle ensued, and Granger eventually kneed petitioner in the groin, causing him to groan. The struggle was interrupted when Byrnes, a friend of Granger, arrived at the motel room. Petitioner quickly left the room and sped off in his vehicle.

For his part, petitioner testified that Granger invited him into her room in order to use his cell phone. She asked him for money and asked whether he would like to buy drugs. He declined and left. According to petitioner, Byrnes arrived at the motel as he was leaving, and he spoke to her briefly before he left.[3]

Petitioner was charged with sexual abuse, attempted rape, strangulation, and burglary. Petitioner's trial counsel subpoenaed the record-keeper from Cascade Lodge, ordering that person to appear at 9:30 a.m. on the day of trial and "bring with you all room records from April 1-15, 2006."[4] The record-keeper appeared as ordered and brought the requested records. Counsel reviewed the records and concluded that they would not be helpful to petitioner's defense.

At trial, the jury heard testimony from Granger, Byrnes, two police officers who interviewed Granger, the bartender at the Westside Tavern, and petitioner. Petitioner was convicted of sexual abuse and attempted rape, but acquitted on the strangulation and burglary charges.

After petitioner's direct appeal was dismissed on his own motion, petitioner sought post-conviction relief. In his petition, he contended, *inter alia,* that his trial counsel was inadequate for failing to investigate potential witnesses staying at Cascade Lodge on the night of the crime and for failing to investigate and present several pieces of evidence that, he asserted, would have discredited Granger and

---

[3] Petitioner had met Byrnes earlier that evening, at the same time that he had met Granger.

[4] The timing of the order to appear is significant to the adequacy of counsel's investigation because, by ordering the record-keeper to produce the records on the day of trial, counsel created a situation in which, even if the records contained the names of potential witnesses, he would not have had time to contact them and evaluate whether their testimony would be beneficial to petitioner.

Byrnes and corroborated his version of events. In aid of proving those claims, petitioner requested five subpoenas to procure documents that, he alleged, his trial counsel should have sought, reviewed, and used to procure additional witnesses. Specifically, he requested time cards from two of Byrnes's employers, one of which was Corey's Bar & Grill; records and a surveillance video from Corey's Bar & Grill that would have contained information about events that took place there on the night of the crime; occupancy records for the rooms adjoining Granger's room at Cascade Lodge; records regarding Granger's stay at Cascade Lodge; a surveillance video from Cascade Lodge; and call records for petitioner's cell phone.[5] The post-conviction motions judge denied the requested subpoenas, stating, for four of the subpoenas, "This is not a trial of [the] underlying criminal case,"[6] and, for one, "Actual innocence is not an issue in [a post-conviction relief proceeding]."

The post-conviction case proceeded to trial. Petitioner represented himself. After the trial, the post-conviction trial judge noted that the burden of proof in post-conviction cases is on the petitioner, *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *Stevens v. State of Oregon*, 322 Or 101, 107-08, 902 P2d 1137 (1995), and held that petitioner had not met his burden of proof on any of his claims. He concluded that petitioner had not demonstrated that his trial counsel had provided inadequate assistance, and he also stated, "Petitioner did not show that additional witnesses would have provided admissible, beneficial, and credible testimony."

Petitioner appeals, assigning error to the post-conviction motions judge's denial of his request for subpoenas. He contends that, under ORCP 55 C(2), the post-conviction court was not permitted to deny his request for subpoenas for the reasons that it did. ORCP 55 C(2) provides that,

---

[5] Petitioner asserted that potential witnesses from Cascade Lodge could testify as to whether they heard (or did not hear) the noise of the parties' struggle, and the Cascade Lodge surveillance video might demonstrate that petitioner had not rushed out of Granger's room when Byrnes arrived and sped off as Granger claimed, but rather that he left calmly and spoke to Byrnes on his way out.

[6] The post-conviction motions judge denied two of the requested subpoenas using the language quoted above. As to the other two, she stated, "This is not a new trial of [the] criminal case," and, "This is not a retrial of [the] criminal case."

"[u]pon request of a party[,] * * * [a subpoena *duces tecum*] *shall* be issued in blank and delivered to the party * * * requesting it."[7] (Emphasis added.) As a result, petitioner contends, a post-conviction court lacks the power to deny issuance of a subpoena relevant to the issues in the case on the bases that "[t]his is not a trial of [the] underlying criminal case" and "[a]ctual innocence is not an issue in [a post-conviction relief proceeding]."

We agree with petitioner. ORCP 55 applies in post-conviction proceedings. *See Young v. Hill*, 347 Or 165, 171, 218 P3d 125 (2009) (citing *Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992) for the proposition that "unless otherwise provided for in the post-conviction statutes, Oregon Rules of Civil Procedure apply in post-conviction proceedings"); *Peeples v. Lampert*, 345 Or 209, 215-16, 191 P3d 637 (2008) (applying ORCP 46, regarding discovery orders, in a post-conviction proceeding).[8] ORCP 55 C does

---

[7] ORCP 55 C(1)(a) provides:

"A subpoena is issued as follows: (a) * * * if separate from a subpoena commanding the attendance of a person, to produce books, papers, documents or tangible things and to permit inspection thereof: (i) it may be issued in blank by the clerk of the court in which the action is pending, or if there is no clerk, then by a judge or justice of such court; or (ii) it may be issued by an attorney of record of the party to the action in whose behalf the witness is required to appear, subscribed by the signature of such attorney."

ORCP 55 C(2) provides, "Upon request of a party or an attorney, any subpoena issued by a clerk of court shall be issued in blank and delivered to the party or attorney requesting it, who shall fill it in before service."

[8] The post-conviction statutes provide special discovery procedures for "confidential jury records," ORS 138.585, and testimony by the victim, ORS 138.625. Otherwise, the post-conviction statutes do not regulate a petitioner's ability to subpoena witnesses or records.

ORS 138.625 provides:

"(1) A petitioner in a post-conviction relief proceeding may not compel a victim to testify, either by deposition, hearing or otherwise unless the petitioner moves for an order of the court allowing a subpoena.

"(2) A copy of the motion for a subpoena under this section must be served on the counsel for the defendant.

"(3) The court may not grant an order allowing a subpoena under this section unless the petitioner can demonstrate good cause by showing that the victim has information that is material to the post-conviction relief proceeding, is favorable to the petitioner and is other than what was admitted at trial.

"(4) If the court grants an order allowing a subpoena under this section, upon a request by the victim for no personal contact between the parties, the court may allow the victim to appear by telephone or other communication device approved by the court."

not permit a court to deny a request for subpoenas merely because the case involves post-conviction relief.

Citing ORCP 36 C[9] and *State ex rel Anderson v. Miller*, 320 Or 316, 324, 882 P2d 1109 (1994), defendant asserts that a post-conviction court has "discretion regarding whether to issue [a petitioner's requested] subpoenas." We need not address that argument because, even if a post-conviction court has discretion to limit the issuance of subpoenas for the reasons listed in ORCP 36 C—and even if it has discretion to limit the issuance of subpoenas on the basis that the information sought is irrelevant—here, as defendant concedes, the post-conviction motions judge's reasons for denying petitioner's request were incorrect.[10] Those reasons are not among those listed in ORCP 36 C. Moreover, to the extent that the post-conviction motions judge concluded that the subpoenas were not relevant to petitioner's post-conviction case, the judge was mistaken.

---

[9] ORCP 36 C provides:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or (9) that to prevent hardship the party requesting discovery pay to the other party reasonable expenses incurred in attending the deposition or otherwise responding to the request for discovery.

"If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 46 A(4) apply to the award of expenses incurred in relation to the motion."

[10] We note possible bases for a trial court's discretion only to explain why we need not address defendant's argument. We express no opinion on the limits of any discretion that a trial court may have to limit the issuance of subpoenas under ORCP 55.

To prove that he received inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, a petitioner must prove, "by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). To prove prejudice, a petitioner must establish that trial counsel's deficient exercise of skill and judgment had a *"tendency to affect the result* of the prosecution." *Stevens*, 322 Or at 110 (emphasis in original; internal quotation marks omitted).

Consequently, in situations such as this one, where an asserted deficiency in the performance of trial counsel is a failure to investigate, a petitioner must prove that investigation would have produced admissible evidence and that the evidence would have affected the result of the trial. *Carias v. State of Oregon*, 148 Or App 540, 547, 941 P2d 571 (1997). Thus, the records that petitioner asserted that his trial counsel should have requested were relevant because, in order to establish the second prong of his post-conviction case, prejudice, petitioner was required to present admissible evidence that counsel's investigation should have produced. In fact, after trial, the post-conviction trial judge cited the lack of such evidence as a basis on which to deny petitioner post-conviction relief.

Defendant concedes that the post-conviction motions judge's rationale for denying the subpoenas was incorrect. Nevertheless, defendant contends that we should affirm the judgment because the error was harmless.

An error is harmless if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). We may not reverse a judgment if the error was harmless. Or Const, Art VII (Amended), § 3. Accordingly, we may not reverse the post-conviction court's error if it was unlikely to have affected the outcome of petitioner's post-conviction case.

Defendant advances three bases for its argument that the denial of the requested subpoenas was harmless. The first two address the prejudice prong of petitioner's case. Defendant argues that, even if petitioner were to issue

the subpoenas on remand, he would not find any evidence that would allow him to demonstrate that he was prejudiced by his attorney's alleged inadequacy because (1) it is unlikely that the subpoenaed parties still have records from 2005, and (2) even they do have those records, it is unlikely that the records will reveal evidence useful to petitioner's defense. Those assertions are entirely speculative. The record is devoid of information about the truth of either of those propositions, and the absence of that information is directly attributable to the error that petitioner seeks to have corrected. *Cf. State v. Foster*, 242 Or 101, 103, 407 P2d 901 (1965) ("It is contended that [statements by prosecution witnesses] should not be produced unless it can be shown that they would be admissible into evidence if they are made available. The fallacy of the argument is obvious. Neither counsel or court can determine the admissibility of a writing until it is examined.").

Defendant's third argument in favor of harmlessness is that, if petitioner were afforded the opportunity to issue the subpoenas and complete his investigation, "petitioner still would fail to prove that his attorney fell below an objective standard of reasonableness in not locating those records and witnesses." Defendant follows that argument with the unsupported assertion that, "[g]iven the information available at the time, petitioner's attorney's investigation was reasonable." As a result, defendant contends, the error had no effect on the outcome of the post-conviction case.

We disagree. The information that petitioner would have received through the subpoenas was relevant to his allegation that counsel's failure to investigate constituted a failure to exercise reasonable professional skill and judgment. Specifically, in order to prove that his trial counsel's investigation of the hotel records was deficient, petitioner needed to know what the hotel records contained. If the records revealed that potential witnesses stayed in rooms adjacent to Granger's on the night in question and provided information from which counsel could have identified them, then it may have been deficient for counsel not to seek those people out.

Petitioner's lack of information about the hotel records also affected his ability to prove the other alleged

deficiencies in counsel's investigation. In order to determine whether a trial counsel's investigation was adequate, a post-conviction court must evaluate whether, as to each action with respect to which the petitioner alleges that counsel did not exercise professional skill and judgment, the totality of the circumstances—including the other investigative steps that counsel took—made that action reasonable. *See, e.g., Gorham v. Thompson*, 332 Or 560, 567-68, 34 P3d 161 (2001) (considering the trial counsel's prior investigation of expert witnesses in deciding whether lack of further investigation of expert witnesses was "legally and factually appropriate to the case"); *Stevens*, 322 Or at 109-10 (evaluating the trial counsel's decision not to interview the complaining witness's teachers and classmates in light of "the likely costs and potential benefits of pursuing the investigation").

Here, because petitioner did not know whether trial counsel had adequately investigated the hotel records, he could not fully develop his argument that, viewed in the totality of the circumstances, counsel's investigation was inadequate. For example, even if the hotel records showed that the rooms adjoining Granger's were empty, petitioner could have argued that, in light of the lack of any available corroborating witnesses from the hotel, it was particularly important for counsel to present the surveillance video from Cascade Lodge, which could have corroborated petitioner's testimony about speaking to Byrnes before he left.

To summarize, the post-conviction motions judge denied petitioner's request for subpoenas on the grounds that "[t]his is not a trial of [the] underlying criminal case," and "[a]ctual innocence is not an issue in [a post-conviction relief proceeding]." As defendant concedes, denial of petitioner's request on those grounds was error. The error was not harmless because it deprived petitioner of the opportunity to prove the allegations in the petition. Accordingly, we reverse and remand for further proceedings on the portion of petitioner's claims as to which the subpoenas were relevant.

Reversed and remanded for further proceedings on petitioner's claims regarding investigation of Byrnes's employment records, investigation of records from Corey's Bar & Grill, investigation of records of Cascade Lodge on

the night of the crime, investigation of potential witnesses who were staying at Cascade Lodge, and investigation of petitioner's cell phone records; otherwise affirmed.