On appellant's petition for reconsideration filed January 16, reconsideration allowed; former opinion (252 Or App 163, 285 P3d 745 (2012)) clarified and adhered to as clarified February 27, petition for review denied July 25, 2013 (353 Or 868)

ERNEST ALAN TRACY,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
07096074P; A140606

299 P3d 565

Rankin Johnson, IV, for petition.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Petitioner seeks reconsideration of our opinion in *Tracy v. Nooth*, 252 Or App 163, 285 P3d 745 (2012), in which we concluded that the post-conviction court erred in denying petitioner's request for subpoenas in support of his post-conviction case and remanded for further proceedings. We limited the scope of remand to petitioner's claims related to the subpoenas. Petitioner argues that the scope of remand is too narrow, and he "seeks reconsideration, to ask for leave to raise whatever claims below are permitted by ordinary post-conviction procedure, including amending the petition to raise claims that are presented by newly-discovered evidence."

We disagree with petitioner's understanding of the scope of remand and, therefore, allow reconsideration to clarify our disposition. Our "tagline," which states the appellate disposition, read:

"Reversed and remanded for further proceedings on petitioner's claims regarding investigation of Byrnes's employment records, investigation of records from Corey's Bar & Grill, investigation of records of Cascade Lodge on the night of the crime, investigation of potential witnesses who were staying at Cascade Lodge, and investigation of petitioner's cell phone records; otherwise affirmed."

To clarify, we (1) affirmed the claims that are not related to the subpoenas, and (2) did not preclude petitioner from seeking leave to amend his petition.

First, the claims that are not related to the subpoenas have been litigated and may not be raised on remand. As a general proposition, an appellant bears the burden of showing how a trial court's error affected the judgment. Here, we determined that the error affected the judgment as to the claims that we remanded. Petitioner did not show that the error affected the judgment as to any of the other claims. On reconsideration, he does not appear to assert that he should be able to raise those claims on remand, nor does he offer any explanation specific to any of the individual claims regarding why he should be able to raise them on remand. As to those claims, the post-conviction court's judgment is binding.

Second, our disposition does not affect the post-conviction court's authority to consider any motions to amend that petitioner may file. It simply does not speak to the issue. Our opinion addressed a single assignment of error—that is, that the post-conviction court erred in denying petitioner's request for the subpoenas. As noted, we agreed that the court erred and reversed and remanded the judgment as to the claims that related to the subpoenas. Consistent with the long-established limitation on appellate review, our disposition related to the determinations that the post-conviction court had made and the resulting judgment. *See, e.g., Fisk v. Henarie*, 14 Or 29, 13 P 193 (1886) (appellate court does not review questions not yet addressed by the trial court; it confines its actions to determinations already made); *Fujitsu Microelectronics v. Lam Research Corp.*, 174 Or App 513, 523, 27 P3d 493, *rev den*, 332 Or 558 (2001) (declining to consider arguments regarding issues that the trial court had not reached).

We remanded the claims related to the requested subpoenas to the post-conviction court in light of the fact that it denied them on erroneous grounds.[1] Necessarily, the remand returns what remains of petitioner's case to its original pretrial posture. *See Allen v. Premo*, 251 Or App 682, 686, 284 P3d 1199 (2012) (so holding with respect to a case that was remanded in its entirety for a new trial). It is possible that, if the post-conviction court issues the subpoenas and the subpoenas result in the discovery of new information, petitioner may move for leave to amend his petition. *See* ORCP 23 A ("[A] party may amend the pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."); *see also* ORS 138.610 (allowing post-conviction courts to "make appropriate orders as to the amendment of the petition or any other pleading, or as to the filing of further pleadings, or as to extending the time of the filing of any pleading other than the original petition"). Nothing in our disposition limits the trial court's authority to grant or deny such an amendment. *See Allen*, 251 Or App at 687 (when post-conviction case was remanded to its

___

[1] We did not reach the question whether there were other grounds upon which the post-conviction court could deny the subpoenas.

original pretrial posture, trial court had authority to rule on the petitioner's motion to amend).

Reconsideration allowed; former opinion clarified and adhered to as clarified.