Submitted November 3, 2015, affirmed April 12, 2017

GREGORY SIEFKEN,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
09C11552; A154453

395 P3d 51

Ryan T. O'Connor and O'Connor Weber LLP filed the opening and reply briefs for appellant. Gregory Siefken filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

## SERCOMBE, P. J.

Petitioner appeals a judgment denying his petition for post-conviction relief from his convictions for three counts of second-degree rape, ORS 163.365, three counts of third-degree rape, ORS 163.355, and two counts of third-degree sodomy, ORS 163.385. Petitioner contends, in his first assignment of error, that he was denied adequate assistance of counsel in the criminal proceeding that resulted in those convictions because his trial counsel failed to offer into evidence a handwritten note purportedly showing the victim's past sexual behavior, which would have, according to petitioner, supported the defense theory of the case.[1] We conclude that the post-conviction court correctly determined that petitioner failed to meet his burden of showing that the note would have been admissible at his criminal trial, and thus did not establish that he suffered any prejudice by trial counsel's failure to offer that evidence. Therefore, the post-conviction court did not err in denying relief to petitioner and, accordingly, we affirm.

The following facts are undisputed on appeal. Petitioner was charged by indictment with 17 counts of sexual offenses allegedly committed against his stepdaughter, based on sexual contact with her over a period of years. At the criminal trial, a medical doctor testified that a physical examination of the victim was consistent with repeated sexual intercourse and the doctor diagnosed the victim as having been sexually abused. The victim, who was 15 years old at the time of the criminal trial, testified that petitioner was the only person with whom she had had sexual contact. Petitioner denied that he had sexual intercourse with the victim. One of his theories of defense was that the victim fabricated the allegations of sexual abuse as retribution for petitioner and the victim's mother refusing to permit the victim to continue seeing an 18-year-old man with whom, according to petitioner, she had been sexually active.

The jury found petitioner guilty on eight of the 17 counts. Petitioner filed a direct appeal. We affirmed without opinion and the Supreme Court denied review. *State v.*

---

[1] We reject without written discussion petitioner's second assignment of error and the supplemental assignment of error raised in petitioner's *pro se* brief.

*Siefken*, 213 Or App 391, 161 P3d 955 (2007), *rev den*, 344 Or 280 (2008).

Petitioner then sought post-conviction relief, alleging in his second amended petition that he was denied adequate assistance of counsel, under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, section 11, of the Oregon Constitution, because trial counsel failed to exercise reasonable professional skill and judgment by, among other things, failing to "properly admit evidence of specific instances of sexual behavior engaged in by the alleged victim."

At the post-conviction trial, petitioner testified about a handwritten note that he thought was important to the case.[2] He stated that the note was part of some information that his daughter and another woman had found at the house and had given to his trial counsel prior to trial when petitioner was in the county jail. He also testified that he had discussed the note with his trial counsel and told her that he "needed that [note] brought in," and that she told him that she needed to get a handwriting expert. He assumed that she was getting an expert, but the note was not used at the trial. Petitioner also referred to a note during his deposition that took place before the post-conviction trial,[3] stating that the victim was "claiming in a note that she had sex with a 19-year-old boyfriend."

The post-conviction court denied relief. In the handwritten portion of the court's ruling regarding the note, the judgment states, "No foundation for Exhibit # 3. No test[imony] as to who found or where. Not dated. No proof who wrote. Since not dated, no proof it impeaches V[ictim] since case came to light when she told friend she might be pregnant by petit[ioner]." In other words, petitioner did not establish the admissibility of the note.

When reviewing a decision by a post-conviction court, "[w]e are bound by the *** court's factual findings

---

[2] The four-page note was marked and admitted as Exhibit 3 for the post-conviction proceeding.

[3] The deposition transcript was admitted as an exhibit at the post-conviction trial.

to the extent they are supported by evidence in the record, and we review its legal conclusions for errors of law." *Tracy v. Nooth*, 252 Or App 163, 165, 285 P3d 745 (2012), *adh'd to on recons*, 255 Or App 435, 299 P3d 565, *rev den*, 353 Or 868 (2013).

Petitioner bears the burden of proof to establish the allegations in his petition by a preponderance of the evidence. ORS 138.620(2). "The test for determining whether a petitioner has been denied adequate assistance of counsel, under both the state and federal constitutions, is two-pronged: First, the petitioner must show that his or her counsel performed inadequately. Second, the petitioner must demonstrate that he or she was prejudiced as a result of counsel's error. *Pereida-Alba v. Coursey*, 356 Or 654, 661-62, 342 P3d 70 (2015); *Strickland* [*v. Washington*, 466 US 668, 688, 104 S Ct 2052, 80 L Ed 2d 674 (1984)]." *Jackson v. Franke*, 284 Or App 1, 3, 392 P3d 328 (2017).

To prove prejudice under the state constitution, petitioner was required to demonstrate that his trial counsel's deficient performance "had a tendency to affect the result of the prosecution." *Green v. Franke*, 357 Or 301, 321, 350 P3d 188 (2015) (internal quotation marks omitted). The Supreme Court has explained that "the tendency to affect the outcome standard demands more than mere possibility, but less than probability" of a different outcome of the jury trial. *Id.* at 322. For petitioner to prove prejudice under the federal constitution, he needed to show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 US at 694. Thus, to demonstrate prejudice, petitioner needed to show at the post-conviction trial that, had the note been admitted at his criminal trial, it would have had a tendency to affect the verdict. As a first step to make that showing, petitioner needed to prove that the note would have been admissible. *See Tracy*, 252 Or App at 170 (to show prejudice, petitioner had to "prove that investigation would have produced admissible evidence" that could have affected the outcome of the trial).

On appeal, petitioner argues that the post-conviction court erred in denying him relief because trial counsel could

have established a sufficient foundation for the note.[4] He asserts that trial counsel could have satisfied the "low bar for authentication" of the note by presenting testimony from someone who could explain why he or she believed the note was written by the victim—for example, the victim's mother could have testified that the handwriting looked like the victim's handwriting, or petitioner's daughter could have testified about the circumstances under which she found the note. Petitioner also argues that an inference could be drawn from petitioner's testimony that he believed that the victim wrote the note. He explains that his assertion that the note was relevant to his defense—because it showed that the victim was sexually active with someone other than him—makes sense only if the victim was the author of the note. The superintendent contends that, although the authentication requirement can be satisfied by a relatively minimal showing, the rule still requires *some* showing that the evidence could be authenticated, and petitioner made no showing at all. We agree with the superintendent.

OEC 901(1) states that "[t]he requirement of authentication * * * as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." As noted, petitioner argues on appeal that his trial counsel could have called the victim's mother or his daughter to authenticate the note at his criminal trial. However, petitioner did not call those witnesses to testify at the post-conviction trial or produce affidavits or deposition testimony to establish that those witnesses were available and willing to provide such authentication testimony at the criminal trial. Without that evidence, the post-conviction court had no knowledge of what the testimony of those witnesses would have actually been and whether that testimony could have authenticated the note.

Petitioner's testimony at the post-conviction proceeding was not sufficient to support his position that the note could have been authenticated at his criminal trial.

---

[4] Petitioner also makes other arguments about the note's admissibility and relevancy; however, we do not address those arguments given our conclusion that the note was not authenticated as a condition precedent to its admissibility.

His testimony did not provide information about the note to support a finding that it was written by the victim, such as whose handwriting was in the note, where it was found, or when it was written. And, even if an inference could be drawn from his testimony that he *believed* that the victim wrote the note, his unsubstantiated belief is not enough to satisfy the requirement that he make some showing that the note could have been authenticated at the criminal trial.

Because the record contains no basis on which the post-conviction court could determine that the note could have been authenticated at petitioner's criminal trial, petitioner failed to establish that he was prejudiced when his trial counsel did not offer that note into evidence. Therefore, the post-conviction court did not err in denying petitioner relief on that basis.

Affirmed.