Submitted February 28, affirmed April 19, 2017

TRACEY E. BOGLE,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
13C14935; A160042

395 P3d 643

Jed Peterson and O'Connor Weber LLP filed the opening brief for appellant. Tracey Bogle filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief. The petition asserted a number of different claims for relief, some of which were alleged through petitioner's appointed counsel, and others which were alleged *pro se*. The post-conviction court denied relief on the merits on the claims asserted through counsel, but declined to consider the *pro se* claims.

On appeal, petitioner has filed two briefs: one through counsel and one *pro se* supplemental brief. In the brief submitted through counsel, petitioner assigns error to the trial court's refusal to consider petitioner's *pro se* claims. Petitioner contends that, under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), the post-conviction court was required to consider his *pro se* claims and make a discretionary decision whether to direct petitioner's attorney to assert those claims. Petitioner further contends that the post-conviction court did not, in fact, make the required discretionary determination and, for that reason, reversal is required. In response, the state[1] argues that *Johnson v. Premo*, 355 Or 866, 333 P3d 288 (2014), demonstrates that petitioner's argument is predicated on a misreading of *Church*, and it fails for that reason.

We agree with the state. In *Johnson*, the Supreme Court clarified that "*Church* says no more than this: If a post-conviction petitioner's attorney fails to assert a ground for relief, the petitioner must bring that fact to the attention of the court to avoid the effect of ORS 138.550(3)." *Id.* at 877. As we understand *Johnson*'s clarification of *Church*, *Church* did not require the post-conviction court to respond to petitioner's *pro se* claims by making the discretionary determination advocated by petitioner or to consider those claims on their merits. Rather, *Church* means simply that, to the extent the post-conviction court refused to consider those claims because they were not asserted through counsel, ORS 138.550(3) will not bar petitioner from pursuing them in a subsequent petition because he has followed *Church*'s directive by bringing those claims to the attention of the

---

[1] The state is the named defendant on the petition for post-conviction relief.

post-conviction court below in this proceeding. As a result, the post-conviction court committed no error in its disposition of petitioner's *pro se* claims.

We reject without written discussion the additional claims of error asserted in petitioner's *pro se* supplemental brief.

Affirmed.