PER CURIAM
*844 Petitioner appeals a judgment denying his claims for post-conviction relief. Petitioner filed a pro se post-conviction petition, asserting two claims. He also moved for appointment of counsel, which the post-conviction court granted. Post-conviction counsel filed an amended petition, in essence alleging one of the two claims that had been raised by petitioner in his pro se petition. Defendant moved for summary judgment, asserting that petitioner's claim in the amended petition alleged only trial court error, so it was not a cognizable claim for post-conviction relief. Petitioner then filed a pro se notice pursuant to Church v. Gladden , 244 Or. 308, 417 P.2d 993 (1966), asking the court to hold a hearing "for the purpose of inquiring into appointed counsel's deficiency and refusal to introduce petitioner's claims/issues into the post-conviction court." In petitioner's " Church motion," he identified two issues: (1) the trial court impermissibly shackled him in front of the jury without a prior hearing to determine whether he should have been shackled, and (2) the trial court erroneously imposed an upward durational departure at sentencing. Although the court scheduled a hearing on petitioner's Church motion, before it held that hearing, the court granted defendant's summary judgment motion and entered a judgment denying petitioner's claims.
On appeal, petitioner argues that Church required the court to hold a hearing before granting judgment in defendant's favor. Defendant counters that, regardless of whether a hearing was required before the court could dismiss petitioner's claims, we should affirm because petitioner could not demonstrate any prejudice due to the lack of a hearing-i.e. , any error was harmless. See Tracy v. Nooth , 252 Or.App. 163, 170, 285 P.3d 745 (2012), adh'd to on recons , 255 Or.App. 435, 299 P.3d 565, rev. den. , 353 Or. 868, 306 P.3d 640 (2013) ("[W]e may not reverse the post-conviction court's error if it was unlikely to have affected the outcome of petitioner's post-conviction case.").
We conclude that the post-conviction court did not err by failing to hold a hearing in this case because a " Church motion is simply the procedural mechanism by which a post-conviction petitioner informs the court of an *845 attorney's failure to raise issues so as to avoid the preclusive effect of ORS 138.550(3)." Lopez v. Nooth , 287 Or. App. 731, 735, 403 P.3d 484 (2017). As we stated in Bogle v. State of Oregon , 284 Or.App. 882, 883-84, 395 P.3d 643, rev. allowed , 362 Or. 281 (2017), the Supreme Court clarified in Johnson v. Premo , 355 Or. 866, 876, 333 P.3d 288 (2014), that
" Church did not require the post-conviction court to respond to petitioner's pro se claims by making the discretionary determination advocated by petitioner or to consider those claims on their merits. Rather, Church means simply that, to the extent the post-conviction court refused to consider those claims because they were not asserted through counsel, ORS 138.550(3) will not bar petitioner from pursuing them in a subsequent petition because he has followed Church 's directive by bringing those claims to the attention of the post-conviction court below in this proceeding."
Bogle , 284 Or.App. at 883-84, 395 P.3d 643. With that understanding of Church , the post-conviction court's failure to hold the hearing *1026 requested by petitioner under Church is not error.
Affirmed.