PER CURIAM
*711 Petitioner appeals a judgment denying his petition for post-conviction relief. He assigns error to the post-conviction court "refusing to instruct post-conviction counsel to raise petitioner's claims submitted pursuant to Church v. Gladden ." See Church v. Gladden , 244 Or. 308, 417 P.2d 993 (1966) (holding that, when a petitioner's counsel fails to assert a ground for relief, the petitioner must inform the court of that failure in order to avoid the res judicata effect of ORS 138.550(3) ). We affirm.
In petitioner's first amended formal petition, filed by post-conviction counsel, a section set out multiple claims identified as "brought pro se pursuant to Church v. Gladden [.]" Defendant moved for partial summary judgment, arguing, among other things, that the pro se claims were not properly before the court because post-conviction counsel had not certified them. See ORCP 17. As it explained in its order after a hearing on the motion, the post-conviction court treated the pro se claims as a "notice pursuant to the rule in Church v. Gladden , * * * that petitioner wanted the court to order his attorney to raise those claims on his behalf." After giving petitioner an opportunity to explain his claims, and considering both petitioner's explanation and post-conviction counsel's inability to certify the claims, the court declined to order petitioner's counsel to raise them in the petition. Instead, the court ordered the filing of a second-amended petition consistent with its order. Post-conviction counsel filed a second-amended formal petition that omitted those claims.
On appeal, petitioner assigns error to the post-conviction court's failure to order his counsel to assert the pro se claims on his behalf. Our recent decision in Bogle v. State of Oregon , 284 Or. App. 882, 883-84, 395 P.3d 643, rev. allowed , 362 Or. 281, 409 P.3d 1041 (2017), demonstrates that petitioner is not entitled to that relief. As we explained in *333 Bogle , we understand the Supreme Court's decision in Johnson v. Premo , 355 Or. 866, 877, 333 P.3d 288 (2014), to clarify that " Church did not require the post-conviction court to respond to petitioner's pro se claims by making the discretionary determination advocated by petitioner or to consider those *712 claims on their merits." Bogle , 284 Or. App. at 883, 395 P.3d 643 ; see also Lopez v. Nooth , 287 Or. App. 731, 735, 403 P.3d 484 (2017) (when "a post-conviction petitioner informs the court of an attorney's failure to raise issues so as to avoid the preclusive effect of ORS 138.550(3) [,]" that does not necessitate a response by the post-conviction court).
"Rather, Church means simply that, to the extent the post-conviction court refused to consider those claims because they were not asserted through counsel, ORS 138.550(3) will not bar petitioner from pursuing them in a subsequent petition because he has followed Church 's directive by bringing those claims to the attention of the post-conviction court below in this proceeding."
Bogle , 284 Or. App. at 883-84, 395 P.3d 643. Accordingly, the post-conviction court did not err in its disposition of petitioner's pro se claims.
Affirmed.