Submitted August 8, affirmed September 13, 2023, petition for review denied January 12, 2024 (371 Or 825)

SIDNEY NEWTON,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV16817; A177335

536 P3d 1098

Petitioner appeals from a judgment denying his petition for post-conviction relief, which included a freestanding claim of actual innocence. *Held*: The new evidence offered by petitioner fell far short of the exacting standard of proof that would govern any claim of actual innocence, assuming such a claim exists, because it did not undermine any of the key findings related to any of the crimes for which petitioner was convicted.

Affirmed.

Donald D. Abar, Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals from a judgment granting summary judgment for the superintendent and denying post-conviction relief (PCR). Petitioner challenges his 2010 convictions for 26 crimes, including coercion, harassment, and assault in the first, second, and fourth degrees. Most of the offenses were committed against his then wife, who testified about the abuse at the criminal trial. We affirm.

Viewing the evidence in the light most favorable to petitioner, we review a post-conviction court's grant of summary judgment to determine "whether the court correctly concluded that there are no genuine issues of material fact and that the superintendent was entitled to judgment as a matter of law." *Bean v. Cain*, 314 Or App 529, 530, 497 P3d 1273 (2021) (brackets and citation omitted).

*Actual Innocence.* Petitioner's first assignment of error challenges the PCR court's denial of his freestanding claim of actual innocence. In support of that claim, petitioner submitted declarations by his former wife and one of her friends asserting that petitioner received an unjustly long sentence, that petitioner did not cause long-term injury to the victim's back, that the victim felt compelled to testify at the trial because Child Protective Services threatened to take her children, and that her emotions while testifying came in part from trauma she suffered before meeting petitioner. As we will explain, that evidence falls far short of the "exacting standard of proof" that would govern any claim of actual innocence, assuming such a claim exists. *Reeves v. Nooth*, 294 Or App 711, 732, 432 P3d 1105 (2018), *rev den*, 364 Or 680 (2019); *id.* at 738 ("[S]uch claims would require petitioner to demonstrate, at the very least, that newly discovered and reliable evidence makes it more likely than not that no reasonable juror could have found petitioner guilty beyond a reasonable doubt, when the new evidence is considered in the context of the record as a whole.").

As the PCR court observed, the "only evidence" in the victim's declaration that suggests that the victim lied at trial was her claim that petitioner "did not cause her long-term injuries [or disability]." In other words, the "newly

discovered evidence" does not raise questions about any of the key facts of any of the crimes, including assault in the first degree. In particular, it does not undermine the finding that petitioner injured the victim nor that those injuries were "serious" for purposes of the crime of assault, which does not require long-term disability. *See* ORS 161.015(8) (defining "serious physical injury" as one which causes "protracted" disfigurement or loss); *State v. Alvarez*, 240 Or App 167, 171, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011) (concluding that a condition that persisted five months after an assault was protracted). Because a reasonable juror could still have found petitioner guilty of first-degree assault under ORS 163.185(1)(a),[1] considering the new evidence in the context of the record as a whole, the PCR court did not err in granting summary judgment to the superintendent on petitioner's actual innocence claim.

*Nonunanimous Jury.* Petitioner's remaining assignments of error relate to the fact that the jury that convicted him was instructed that only 10 jurors needed to agree on his guilt, a practice later held to be unconstitutional by *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Petitioner's second and fifth assignments of error challenge the PCR court's denial of his claims that trial and appellate counsel rendered inadequate and ineffective assistance by not objecting to the nonunanimous jury instruction and not raising the issue on appeal. Those arguments are foreclosed by our decision in *Smith v. Kelly*, where we held that counsel did not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated. 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) ("[T]he obligation to exercise reasonable professional skill and judgment—under either constitution—does not encompass an obligation to augur an about-face by the United States Supreme Court.").

Petitioner's third and fourth assignments of error challenge the PCR court's denial of his stand-alone claims that his convictions were obtained in violation of the state

---

[1] ORS 163.185(1)(a) provides, "[a] person commits the crime of assault in the first degree if the person [] [i]ntentionally causes serious physical injury to another by means of a deadly or dangerous weapon[.]"

and federal constitutions, because they were based on nonunanimous jury verdicts. Because the record is silent on whether the verdicts were actually nonunanimous, petitioner has not met his burden of proof as to those claims. *See* ORS 138.620(2) (in PCR proceedings, the burden of proof is on the petitioner); *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief."). As a result, the PCR court did not err in granting summary judgment to the superintendent.

Affirmed.