688 August 28, 2024 No. 622

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STANLEY RICHARD PARRISH, SR.,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV36083; A180821

Patricia A. Sullivan, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Stanley Richard Parrish filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying post-conviction relief (PCR) from his convictions for sexual abuse and sexual penetration. In a counseled assignment of error, he argues that his trial counsel was ineffective because his investigator, who intended to photograph the exterior of the house where some of the abuse occurred, photographed the wrong house. In a *pro se* supplemental brief, petitioner echoes the concerns over the photograph and also contends that trial counsel should have presented additional evidence to discredit the victim. We affirm.

We review the PCR court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

Petitioner was convicted after a bench trial of sexually abusing his daughter's friend, R. R testified on the first day of trial that one of the incidents occurred when she was sleeping over at petitioner's daughter's house "on Holly Street." Several of the details of R's testimony relating to that house were demonstrably incorrect, including that the house had three bedrooms and that she slept in her own bedroom. On the second day of trial, trial counsel presented testimony from petitioner's daughter's mother that the house only had one bedroom, and that her daughter never had a sleepover with R at that house. Trial counsel also called petitioner's daughter, who testified similarly to her mother.

In addition to calling witnesses to discredit R's testimony, trial counsel sent an investigator to photograph the exterior of the house on Holly Street. On the second day of trial, petitioner discovered that the investigator had photographed the exterior of the wrong house. As a result, trial counsel did not use a photograph of the exterior of the house at trial.

In his first assignment of error, petitioner contends that trial counsel was constitutionally ineffective in failing to properly investigate the house. To be entitled to post-conviction relief under the state and federal constitutions, petitioner must demonstrate both that counsel failed

to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021).

The PCR court correctly concluded that petitioner failed to demonstrate that he was prejudiced by any deficiency on the part of trial counsel. Trial counsel presented two witnesses who discredited the specifics of R's testimony, including that she could not possibly have slept in her own bedroom in that house, and that the house was smaller than her testimony suggested. In light of that effective impeachment, it is not clear how the inclusion of a photograph of the exterior of the house would have had more than a possibility of affecting the outcome of the case. *See Maxfield v. Cain*, 322 Or App 405, 409-10, 520 P3d 890 (2022) (to demonstrate prejudice, a petitioner must establish "more than a mere possibility" that counsel's performance affected the outcome).[1]

In a supplemental *pro se* brief, petitioner raises a number of additional claims regarding trial counsel's performance. At their core, petitioner's arguments challenge trial counsel's failure to take additional steps to demonstrate that R was lying and prove his innocence.[2] According to petitioner, R's father should have been subpoenaed to testify that he had stolen high value items from petitioner and, when petitioner threatened to report the theft, persuaded R to fabricate the allegations. Petitioner also submitted a declaration from his daughter—stating that she believed that R's father had stolen from petitioner—to support his claim that R was not credible. But because petitioner did not submit any evidence as to the content of R's father's testimony that would corroborate

---

[1] Petitioner, in a *pro se* filing, contends that several pictures of the interior of the house obtained from Redfin should have been introduced. However, petitioner did not establish that a lawyer exercising reasonable professional skill and judgment would have looked to Redfin for photographs, *Buffa v. Belleque*, 214 Or App 39, 42, 162 P3d 376, *rev den*, 343 Or 690 (2007), that the Redfin photos would have been admissible, *Siefken v. Premo*, 284 Or App 692, 695, 395 P3d 51, *rev den*, 362 Or 39 (2017), or that, had the photos been admitted, they would have had more than a possibility of affecting the outcome of the case, *Maxfield*, 322 Or App at 409-10.

[2] Petitioner uses the term "actual innocence" in his supplemental brief but did not raise a freestanding claim of actual innocence before the PCR court, nor does he offer adequate evidence to support such a claim. *See Newton v. Kelly*, 328 Or App 78, 79, 536 P3d 1098 (2023), *rev den*, 371 Or 825 (2024) (recognizing that assuming an actual innocence claim exists, it would require an "exacting standard of proof").

petitioner's version of events, he has not demonstrated prejudice. *Behrle v. Taylor*, 307 Or App 126, 132, 476 P3d 475 (2020), *rev den*, 367 Or 709 (2021) ("When a petitioner faults trial counsel for failing to take action that would have yielded different or additional witness testimony, it is incumbent on the petitioner to provide evidence by affidavit, testimony or otherwise as to what [the] testimony would have been so as to allow an evaluation of the likely effect of that testimony at trial." (Internal quotation marks omitted.)).

Additionally, petitioner contends that trial counsel was constitutionally ineffective in failing to present testimony from the current homeowner of the Holly Street house and county records that would further demonstrate that R was not being truthful about the layout of the house, as well as bail records to demonstrate that petitioner was not permitted to have contact with minor children. Again, petitioner has not submitted the evidence regarding the house's layout that he contends counsel should have introduced nor has he explained how that additional evidence could have impacted the result, given counsel's effective impeachment of R's testimony as to the Holly Street house. And petitioner has not submitted the contents of the order prohibiting contact with children or explained how the existence of such an order proved that petitioner abided by its terms.[3]

Petitioner also challenges the PCR court's determinations relating to the allegedly inadequate preparation of defense witnesses and intimidation of petitioner to not testify in his own defense. However, the PCR court implicitly credited counsel's testimony as to witness preparation and explicitly discredited petitioner's testimony regarding intimidation, findings to which we defer. *See, e.g.*, *State v. Priester*, 325 Or App 574, 580, 530 P3d 118, *rev den*, 371 Or 332 (2023) (deferring to a "trial court's explicit and implicit credibility determinations").

Affirmed.

---

[3] Petitioner also contends that R was not being truthful about the abuse at a different house comprising the second count of conviction. However, neither that claim nor evidence to support it was presented to the PCR court, and we therefore do not consider it. *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *rev den*, 354 Or 597 (2013) ("[A]rguments not made to the post-conviction court in support of a claim will not be considered on appeal.").